UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

SEAN ALLEN LONG and                                      Case No. DG 13-04953
MEREDITH LOUISE LONG,                                    Chapter 13
                                                         Hon. Scott W. Dales

                    Debtors.

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
           Chief United States Bankruptcy Judge

I. INTRODUCTION

Martin Holmes, Esq., filed a fee application (the "Fee Application") pursuant to 11 U.S.C. § 330(a)(4) seeking approval of additional fees in the amount of $2,369.95 for representing chapter 13 debtors Sean Allen Long and Meredith Louise Long (the "Debtors") in connection with their bankruptcy case.  What distinguishes this fee application from most is that Mr. Holmes filed it after his clients had completed their payments under the chapter 13 plan.  For the following reasons, the court will grant the Fee Application in part, and deny it in part.

II. JURISDICTION

The United States District Court for the Western District of Michigan has jurisdiction over the Debtors' chapter 13 case pursuant to 28 U.S.C. § 1334(a), but has referred the exercise of that jurisdiction to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and W.D. Mich. LCivR 83.2(a).  Applications for approval of attorney fees under § 330 are "core proceedings" within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B).  The court, therefore, has authority to enter a final order resolving the Fee Application, at least to the extent set forth herein.

III. ANALYSIS

Although the Fee Application drew no objection after appropriate service, the court nevertheless set it for hearing, which took place on November 9, 2016 in Grand Rapids, Michigan. Only Mr. Holmes appeared at the hearing. After a brief colloquy with him and a review of the docket, the court has determined that the following procedural and historic facts are not in dispute.

The Debtors retained Mr. Holmes to represent them in connection with their chapter 13 case. With the assistance of counsel, they filed their chapter 13 petition on June 15, 2013, together with a proposed plan, which they amended twice before the final confirmation hearing (the "Plan," ECF Nos. 3, 16 & 22). The court confirmed the Plan on August 14, 2013, approving Mr. Holmes's initial "no-look" fee for services rendered through confirmation in the amount of $3,000.00. *Cf.* Memorandum Regarding Allowance of Compensation and Reimbursement of Expenses for Court-Appointed Professionals (as amended effective Oct. 1, 2013) at ¶ 16 (Exhibit 5 to the Local Bankruptcy Rules for the Western District of Michigan, hereinafter the "Fee Memorandum").

From the record it appears that the Debtors performed their obligations under the Plan largely, though not entirely, without controversy. On September 2, 2016, chapter 13 trustee Brett N. Rodgers (the "Trustee") filed the Trustee's Report of Plan Completion (the "Trustee's Report"). The Trustee's Report prompted Mr. Holmes to file the Fee Application -- his first (and final) itemization of fees and expenses—on September 12, 2016—seeking approval of additional fees in the amount of $2,369.95. Ten days later the court entered the Order of Discharge (the "Discharge," ECF No. 75), absolving both Debtors from "all debts provided for by" the Plan, with specific exceptions as noted in § 1328(a). Evidently anticipating that the Trustee would not be making additional payments, the prayer for relief at the conclusion of the Fee Application requested an order authorizing payment of fees "from the Bankruptcy Estate or to the extent that

Funds are not available from the Bankruptcy estate from the Debtor directly." *See* Fee Application at p. 2.

The timing of the Fee Application, and counsel's request to authorize payment from the Debtors directly, caught the court's attention, prompting it to set a hearing. The court has carefully reviewed the itemization included with the Fee Application and has no reason to quibble with Mr. Holmes's hourly rates, or the amount of time he spent serving his clients in connection with their chapter 13 case. Both seem reasonable, considering the "relevant factors" enumerated in § 330(a)(3), which the court typically applies regardless of whether it considers fees for representing debtors under §§ 329 or 330. *In re Acevedo*, Slip Op. Case No. DG 12-06576, 2015 WL 3373030 (Bankr. W.D. Mich. Jan. 26, 2015) (declining to decide whether standards under § 329 or § 330(a) are identical).[1] The itemization includes numerous entries for which Mr. Holmes does not seek payment (mostly involving telephone calls from his clients and even for traveling to and from court), and Mr. Holmes does not seek recompense for preparing the Fee Application, though many practitioners routinely request payment for doing so or as the statute contemplates. *See* Fee Memorandum at ¶ 11(reasonable time for preparing and reviewing application "may be compensable"); 11 U.S.C. § 330(a)(6) (compensation awarded for preparing a fee application must be reasonable). The time entries seem perfectly measured and appropriate. Under the circumstances, the fees of Mr. Holmes are eminently reasonable, and certainly not excessive. 11 U.S.C. § 329(b).

---

[1] It is not clear whether counsel is seeking the court's approval under § 329 or § 330. For example, the Fee Application cites §§ 330(a) and 503(b), but at the hearing Mr. Holmes argued that it is too late to recognize any administrative claim. *Compare* Fee Application at pp. 1 ("Applicant is seeking compensation pursuant to 11 USC § 503(b)") & 2 ("[T]his petition complies with all provisions of 11 USC 330(a)") *with* Transcript of Hearing Held November 9, 2016 (hereinafter "Tr.") at 3:10-14 (disclaiming administrative claim given the timing of the Fee Application).

At the hearing, the court inquired whether the unpaid fees were discharged pursuant to § 1328(a), as the Honorable John T. Gregg recently held on similar facts in *In re Cripps*, 549 B.R. 836 (Bankr. W.D. Mich. 2016).  Mr. Holmes acknowledged this authority, but responded with a thoughtful argument based on the fact that (i) the court has not yet approved his fee claim; and (ii) it is too late to pay it as an administrative expense.  Therefore, as the argument goes, the court should not regard his claim as an approved administrative expense "provided for" by the Plan.  *See* Tr. at 2:24 through 3:20.  In other words, because the unblessed fee claim is not "provided for" by the Plan, it is not included among the debts subject to the Discharge under § 1328(a).  This textual argument may find support in the language of the Plan, specifically with respect to the treatment of attorney fee claims,[2] but it is not without substantial counterpoints, including *Cripps, supra,* among other authorities.[3]

Ultimately, resolution of the issue is a matter of interpreting the plan.  *Wolff v. Johnson (In re Johnson)*, 344 B.R. 104, 107-08 (9th Cir. BAP 2006) (chapter 13 plan may provide for direct payment of chapter 13 counsel fees by debtor).  The court, however, is unwilling to decide at the present time whether counsel's fees are subject to the Discharge, or not, because Mr. Holmes indicated that his clients are willing to pay him directly.  As the Discharge itself notes, nothing in the Bankruptcy Code precludes a debtor from voluntarily paying a discharged debt. *See* Discharge at p. 2 (citing 11 U.S.C. § 524(f)).  If, as Mr. Holmes reports, his clients intend to pay him after the entry of their Discharge, the court perceives no ripe dispute and therefore no reason to decide whether the Debtors *must* pay him.  In other words, the absence of a dispute on the point persuades

---

[2] The Plan authorized the Trustee to pay attorney fees and expenses "as allowed by the Order Confirming the Plan or such additional attorney fees *as are awarded* pursuant to an Order of the Court . . ." *See* Plan at ¶ IV(H)(4) (emphasis added).  It also contemplates payment of "[a]dditional *ordered* attorney fees." Id. at ¶ IV(K) (emphasis added).

[3] *See, e.g., In re Conner*, Slip Op. No. 11-11696 TA13, 2016 WL 5794636, at *4 (Bankr. D.N.M. Oct. 4, 2016) (citing *In re Hanson*, 223 B.R. 775 (Bankr. D. Or. 1998) and other authorities holding post-confirmation attorney fees are discharged even if not paid in full if provided for by the plan).

the court not to declare the rights of the parties on the issue before it is necessary to do so.  *Cf.* 28 U.S.C. § 2201 (declaratory relief requires "case of actual controversy"); *see also In re Kavanaugh,* Slip Op. Case No. 14–10694, 2016 WL 3355850 (Bankr. D. Me. June 9, 2016) (declining to decide whether debtors will remain liable for payment of approved chapter 13 counsel fees after discharge, and reserving the "complicated" issue for another day).

Moreover, the court typically does not declare whether particular debts are dischargeable, or not, without an adversary proceeding, let alone without an adversary.  *See* Fed. R. Bankr. P. 7001(6) & (9).

## IV. CONCLUSION AND ORDER

As noted above, it is not clear whether Mr. Holmes filed the Fee Application to create an administrative claim under § 330 and 503(b) or to simply invoke the court's supervisory authority under § 329 and Fed. R. Bankr. P. 2016 & 2017.  *See infra* at n. 1.  The confusion is understandable, especially where payment will not come from property of the estate.[4]  Accordingly, the court will simply declare that the fees are reasonable and that the Debtors may pay them if they wish.  Given the Trustee's uncontested notice of plan completion and the entry of the Discharge, the Trustee will not be required to pay Mr. Holmes or otherwise take any action in response to this approval.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Fee Application is GRANTED to the extent it seeks approval of additional fees in the amount of $2,369.95 to be paid by the

---

[4] *Compare Acevedo, supra* (suggesting that state law, rather than court approval under § 330(a)(4), creates right to payment in favor of counsel) *with In re Hirsch*, 550 B.R. 126 (Bankr. W.D. Mich. 2016) (fees are not earned by chapter 13 counsel until approved by court) *and In re Anderson*, 253 B.R. 14, 20 (Bankr. E.D. Mich. 2000) (same). Cases involving compensation of professionals retained under § 327, such as *In re Sweports, Ltd.*, 777 F.3d 364 (7th Cir. 2015) and *In re 5900 Associates, Inc.*, 468 F.3d 326 (6th Cir. 2006), may have less force in chapter 13 cases involving professionals who represent the debtor (rather than the estate or an official committee), and whose retention, though subject to scrutiny under § 329, does not require court approval.

Debtors if they wish, and DENIED without prejudice to the extent it seeks a declaration that Mr. Holmes's claim is excepted from discharge.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Sean Allen Long, Meredith Louise Long, Martin M. Holmes, Esq., attorney for Debtors, Brett N. Rodgers, Esq., Chapter 13 Trustee, and the Office of the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated November 22, 2016**



Scott W. Dales
United States Bankruptcy Judge